TROUTMAN PEPPER
HAMILTON SANDERS LLP
Valerie Sirota
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6067
*Attorneys for Defendant Empire*
*Blue Cross Blue Shield*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PRESTIGE INSTITUTE FOR PLASTIC SURGERY, P.C., on behalf of PATIENT SA, <br><br> *Plaintiffs*, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, and EMPIRE BLUE CROSS BLUE SHIELD, and MACQUARIE HOLDINGS U.S.A., INC., PPO PLAN, <br><br> *Defendants*. | Civil Action No. 2:20-cv-03733-ES-CLW |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT EMPIRE BLUE CROSS BLUE SHIELD'S MOTION TO DISMISS THE COMPLAINT**

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT ....................................................................................................................... 2

I.     THE PLAN'S CONTROLLING ANTI-ASSIGNMENT PROVISION
DIVESTS PLAINTIFF OF STANDING TO PURSUE ITS ERISA
CLAIMS ................................................................................................... 2

       A.    Plaintiff's Reliance on the "Authorized Representative" Does Not
Cure Its Lack of Standing ............................................................ 2

       B.    Empire's Motion to Dismiss Pursuant to Rule 12(b)(6) For Lack of
Standing Is Procedurally Proper .................................................. 4

II.    PLAINTIFF FAILS TO STATE A CLAIM UNDER § 502 (a)(1)(B)
BECAUSE THE COMPLAINT DOES NOT SUFFICIENTLY TIE
PLAINTIFF'S CLAIMS TO THE PLAN ............................................... 5

III.   PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO FURTHER
AMEND ................................................................................................... 6

CONCLUSION .................................................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Drzala v. Horizon Blue Cross Blue Shield*,
    No. CV 15-8392, 2016 WL 2932545 (D.N.J. May 18, 2016) ..................................................4

*Kanter v. Barella*,
    489 F.3d 170 (3d Cir. 2007)........................................................................................................6

*Lemoine v. Empire Blue Cross Blue Shield*,
    No. 16-cv-6786 (JMV), 2018 U.S. Dist. LEXIS 62535 (D.N.J. Apr. 12, 2018)
    (Vazquez, J.) ..............................................................................................................................5

*Mbody Minimally Invasive Surgery, P.C. v. Empire Healthchoice Hmo, Inc.*,
    No. 13-cv-6551, 2016 WL 2939164 (S.D.N.Y. May 19, 2016) ...........................................2, 3

*N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*,
    801 F.3d 369 (3d Cir. 2015)........................................................................................................4

*Outpatient Specialty Surgery Partners, Ltd. v. Unitedhealthcare Ins. Co.*,
    No. 4:15-CV-2983, 2016 WL 3467139 (S.D. Tex. June 24, 2016)...........................................2

*Prof'l Orthopedic Associates, PA v. Excellus Blue Cross Blue Shield*,
    No. 14-6950, 2015 WL 4387981 (D.N.J. July 15, 2015) ..........................................................3

*Shah v. Horizon Blue Cross Blue Shield of N.J.*,
    No. 17-632, 2018 WL 6617830 (D.N.J. Dec. 18, 2018)............................................................3

*Somerset Orthopedic Assocs., P.A. v. Horizon Healthcare Servs., Inc.*,
    No. 19-8783, 2020 WL 1983693 (D.N.J. Apr. 27, 2020) (Vazquez, J.)...................................4

*Univ. Spine Ctr. v. Anthem Blue Cross Blue Shield*,
    No. 18-2912, 2018 WL 6567702 (D.N.J. Dec. 13, 2018) (Salas, J.) ........................................4

**Statutes and Rules**

ERISA § 502(a)(1)(B)............................................................................................................2, 4, 5

29 C.F.R. 2560.503-1(b)(4) ..........................................................................................................2

Fed. R. Civ. Proc. 12(b) ............................................................................................................1, 4

This Reply Memorandum of Law is respectfully submitted on behalf of Defendant Empire Blue Cross Blue Shield ("Empire") in further support of its Motion to Dismiss the Complaint of Plaintiff Prestige Institute for Plastic Surgery, P.C. ("Prestige" or "Plaintiff"), on behalf of patient S.A. (the "Patient"), for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

## PRELIMINARY STATEMENT

Plaintiff's Opposition ("Opp.") is comprised of references to inapposite and unpersuasive case law, and at bottom, only reiterates the conclusory and formulaic allegations in the Complaint.[1] Ultimately, the Complaint fails to state a cognizable claim under ERISA for several reasons:

*First*, despite Plaintiff's efforts to skirt the Plan's anti-assignment provision, the plain language of the anti-assignment provisions bars Plaintiff from asserting derivative standing to bring this lawsuit. As set forth in Empire's initial moving brief, dismissal is warranted under Rule 12(b)(6) where, as here, the Plan contains a valid anti-assignment provision. Plaintiff's circuitous and flatly unsupported arguments regarding its purported "Designated Authorized Representative" status fail to revive its standing.

*Second*, the Complaint fails to state a claim under ERISA because it does not sufficiently tie Plaintiff's demand for additional reimbursement to any specific Plan term.

For the reasons set forth herein, Plaintiff's Complaint should be dismissed in its entirety and with prejudice, as Plaintiff's claims are incurable by amendment.

---

[1]     The capitalized terms herein shall have the same meaning ascribed to them in the Moving Brief.

<u>**ARGUMENT**</u>

I.    **THE PLAN'S CONTROLLING ANTI-ASSIGNMENT PROVISION DIVESTS PLAINTIFF OF STANDING TO PURSUE ITS ERISA CLAIMS.**

    A.    **Plaintiff's Reliance on the "Authorized Representative" Does Not Cure Its Lack of Standing.**

Plaintiff recognizes that anti-assignment provisions are enforceable to bar providers, such as themselves, from asserting standing under ERISA.  *See* Opp. p. 7, 8. As a result, Plaintiff attempts to escape this damning reality by obstinately alleging that it maintains standing under ERISA due to the Patient's designation of Plaintiff as "Authorized Representative," as provided by 29 C.F.R. 2560.503-1(b)(4). *See* Compl., ¶¶ 45-46; *see also* Opp., pp. 7-13.  In advancing the standing-via-Designated-Authorized-Representative argument, Plaintiff fails to cite to any case law to support its contention that an authorized representative is entitled to pursue remedies under ERISA 502(a)(1)(B).  Instead, Plaintiff relies on *Outpatient Specialty Surgery Partners, Ltd. v. Unitedhealthcare Ins. Co.*, No. 4:15-CV-2983, 2016 WL 3467139, at *2 (S.D. Tex. June 24, 2016) for the proposition that an Authorized Representative may sue "on behalf of" a patient[2] and cites numerous cases demonstrating that assignees, *not authorized representatives,* may bring claims under ERISA. Plaintiffs' Opp. also argues that this case is distinguishable from *Mbody*, in which this Court flatly rejected a medical providers' attempt to use a designation as Authorized Representative to override a valid anti-assignment provision, because there the provider "failed to explain how their purported status as authorized representatives…is distinguishable from their

---

[2]    In *Outpatient Specialty Surgery Partners,* the provider alleged standing pursuant to both an assignment and as an authorized representative. The Court recognized that "healthcare providers ***must be assignees of participants or beneficiaries to have standing under ERISA's civil enforcement provision***" but also that "claims procedures do not preclude an authorized representative of a claimant from acting ***on behalf of*** such claimant in pursuing a benefit claim or appeal of an adverse benefit determination."  *Outpatient Specialty Surgery Partners, Ltd. v. Unitedhealthcare Ins. Co*., No. 4:15-CV-2983, 2016 WL 3467139, at *4 (S.D. Tex. June 24, 2016) (emphasis added).

theory that they are proper assignees." *See* Opp., FN 7; *Mbody Minimally Invasive Surgery, P.C. v. Empire Healthchoice Hmo, Inc.*, No. 13-cv-6551, 2016 WL 2939164, at *6 (S.D.N.Y. May 19, 2016).  However, tellingly, on the following pages of Plaintiff's Opp., Plaintiff cites to a plethora of cases wherein the Court granted a provider standing as an assignee, not a Designated Authorized Representative. *Id.,* pp. 11-13.

Clearly, by Plaintiff's own analysis, the Authorized Representative argument is nothing more than a transparent work-around of the anti-assignment provision in an attempt to manufacture standing.  While Plaintiff attempts to distinguish the form of the DAR in this case from those at issue in *Mbody and Prof'l Ortho,* Plaintiff offers no substantive reason for this Court to deviate from the precedent set in those cases*,* rejecting the Authorized Representative argument in its entirety. *See Mbody,* at *6; *Prof'l Orthopedic Associates, PA v. Excellus Blue Cross Blue Shield*, No. 14-6950, 2015 WL 4387981 (D.N.J. July 15, 2015).

In addition, Plaintiff alleges in the Opp. that ERISA permits Authorized Representatives to bring claims for reimbursement "*on behalf of the claimant.*" *See* Opp., p. 10.  However, here, Plaintiff is not asserting claims in a representative capacity or "on behalf" of the Patient.  *See* Compl., *generally*.  As previously reiterated, if Plaintiff has elected not to balance bill the Patient, which is implied in the Complaint (and certainly there is no allegation in the Complaint that the Patient has been billed directly by Plaintiff), then the Patient has no injuries and no claims under the Plan.  Therefore, it logically follows that the Patient does not need an "Authorized Representative" to *do* anything on her behalf.

In short, the allegations in the Complaint are clear: Plaintiff is only acting for its own self-interest.  This case is just the latest effort by out-of-network doctors, such as Plaintiff, to recover additional compensation for their services.  *See Shah v. Horizon Blue Cross Blue Shield of N.J.*,

No. 17-632, 2018 WL 6617830, at * 5 n.5 (D.N.J. Dec. 18, 2018) (rejecting "the intimation that Plaintiff is some kind of Hippocratic Robin Hood seeking to vindicate the interests of poor patients against rich insurance companies. Plaintiff's interests are clear – receiving as much money as he can for his services.").

Accordingly, Plaintiff's purported standing as "Authorized Representative" is unavailing and Plaintiff fails to state a claim premised on derivative standing under ERISA § 502(a)(1)(B). For the foregoing reasons, the Complaint should be dismissed in its entirety and with prejudice as against Empire.

**B.     Empire's Motion to Dismiss Pursuant to Rule 12(b)(6) For Lack of Standing Is Procedurally Proper.**

Plaintiff's procedural challenge to Empire's Motion to Dismiss is nothing more than a last-ditch attempt to evade dismissal. This Court has consistently and routinely dismissed lawsuits brought by medical providers for lack of ERISA standing under Rule 12(b)(6) where the plan at issue contained a valid anti-assignment provision. *See, e.g., Univ. Spine Ctr. v. Anthem Blue Cross Blue Shield*, No. 18-2912,  2018 WL 6567702, at *1 (D.N.J. Dec. 13, 2018) (Salas, J.); *see also Somerset Orthopedic Assocs., P.A. v. Horizon Healthcare Servs., Inc.*, No. 19-8783, 2020 WL 1983693, at *4 (D.N.J. Apr. 27, 2020) (Vazquez, J.).  In fact, in *Drzala*, this Court held that "a motion for lack of statutory standing is effectively the same whether it comes under Rule 12(b)(1) or 12(b)(6)." *Drzala v. Horizon Blue Cross Blue Shield*, No. CV 15-8392, 2016 WL 2932545, at *2 (D.N.J. May 18, 2016); *see also N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 n.3 (3d Cir. 2015) (holding that motion to dismiss challenging statutory standing to sue under ERISA is "properly filed under Rule 12(b)(6)").

Accordingly, Plaintiff's Complaint should be dismissed in its entirety and with prejudice under Rule 12(b)(6) for lack of standing.

## II.   PLAINTIFF FAILS TO STATE A CLAIM UNDER § 502 (a)(1)(B) BECAUSE THE COMPLAINT DOES NOT SUFFICIENTLY TIE PLAINTIFF'S CLAIMS TO THE PLAN.

Even if the Court determines that Plaintiff has standing (*which it does not*), Plaintiff's claims under § 502(a)(1)(B) of ERISA are subject to dismissal because the Complaint fails to allege the **"what, how, and when"** details of the alleged ERISA plan violations.  Anthem's moving brief cites a plethora of cases where this Circuit has repeatedly dismissed ERISA claims when the complaint, like here, fails to identify any provision in the plan entitling the provider to additional reimbursement.  Moving Br., pp. 14-18.  In its Opposition, Plaintiff does not dispute that in order to recover under § 502(a)(1)(B), a plan participant or beneficiary must show that he/she is due benefits "under the terms of [the] plan."  Plaintiff claims, in fact, that the Complaint sufficiently ties the alleged violations of ERISA § 502(a)(1)(B) to the plan terms. *See* Opp. pp. 13-15.

The pleading requirements necessary to state a claim for additional benefits under ERISA are clear, and have been outlined in recent decisions from this Court.  *See Lemoine v. Empire Blue Cross Blue Shield*, No. 16-cv-6786 (JMV), 2018 U.S. Dist. LEXIS 62535, at *16 (D.N.J. Apr. 12, 2018) (Vazquez, J.) (dismissing complaint for failing to identify "*which actual portions of the plans were violated, when they were violated, or how they were violated*") (emphasis added).  In the instant matter, notwithstanding Plaintiffs' nominal references to the Patient's plan, Plaintiff fails to identify, with sufficient facts, that it is plausibly entitled to relief *under the plan*.

Despite citing to some pages of the Plan in its Opp., Plaintiff does not allege anywhere *which* specific provisions of the Plan were violated, *how* these provisions were violated, *when* they were violated, and *how* Plaintiff calculated the amount it claims to be owed under these specific provisions. *See* Opp., pp. 13-15.  For example, Plaintiff vaguely claims that it was reimbursed at out-of-network rates, not out-of-area rates, yet provides no details as to how and why it concludes

5

such claims were underpaid or paid incorrectly under the Plan.  Plaintiff's repeated attempts to use the WHCRA to justify recovery of its billed charges is unavailing as Plaintiff fails to point to a single case whereby an out-of-network provider was legally entitled to its billed charges simply because the breast reconstruction surgery was incident to a mastectomy.

At bottom, Plaintiff only states in conclusory terms that it has been underpaid, citing to portions of the plan without demonstrating how these provisions would actually entitle Plaintiff to relief.  Thus, contrary to Plaintiff's statements in the Opp., Plaintiff has not sufficiently identified the <u>actual portions of the plan that were violated</u>.  The fact that Plaintiff merely points to page numbers in the plan and states in conclusory terms that it has been underpaid is not enough and thus, dismissal is appropriate.

For the foregoing reasons, the Complaint should be dismissed in its entirety and with prejudice.

## III.    PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO FURTHER AMEND.

For the foregoing reasons, Plaintiff has not, and cannot, state a valid ERISA claim against Anthem.  The Court should therefore dismiss the Complaint with prejudice as further amendment is futile.  *See Kanter v. Barella*, 489 F.3d 170, 181 (3d Cir. 2007) (internal citations omitted) ("Where an amended pleading would be futile, that alone is sufficient ground to deny leave to amend.").

## <u>CONCLUSION</u>

For the reasons set forth herein and in its initial moving submission, Defendant Empire Blue Cross Blue Shield respectfully requests that its Motion be granted in all respects, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York                                        Respectfully submitted,

6

August 10, 2020

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: */s/ Valerie Sirota*
    Valerie Sirota, Esq.
    875 Third Avenue
    New York, NY  10022
    212.704.6067
    Valerie.Sirota@troutman.com

*Attorneys for Defendant Empire Blue Cross Blue Shield*