Anshel Joel Kaplan
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Amanda A. Sonneborn (admitted *pro hac vice*)
Julie M. Kamps (admitted *pro hac vice*)
**SEYFARTH SHAW LLP**
233 S. Wacker Drive
Suite 8000
Chicago, IL 60606
Tel: (312) 460-5000
Facsimile: (312) 460-7000

*Attorneys for Defendant*
*Macquarie Holdings U.S.A., Inc., PPO Plan*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRESTIGE INSTITUTE FOR PLASTIC SURGERY, P.C., on behalf of PATIENT SA,<br><br>      Plaintiff,<br><br>  v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, and EMPIRE BLUE CROSS BLUE SHIELD, and MACQUARIE HOLDINGS U.S.A., INC., PPO PLAN,<br><br>      Defendants. | Case No.: 2:20-03733-ES-CLW<br><br>**DEFENDANT MACQUARIE HOLDINGS U.S.A., INC., PPO PLAN'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**<br><br>**Motion Return Date: August 17, 2020** |

# <u>TABLE OF CONTENTS</u>

*Page*

I.      INTRODUCTION ............................................................................1

II.     ARGUMENT....................................................................................1

     A.      Defendant's Motion to Dismiss is Procedurally Proper.......................1

     B.      Plaintiff's Complaint Must Be Dismissed for Lack of Standing. .........2

     C.      Plaintiff's 502(a)(3) Claim is Not Proper Against the Plan. ................6

III.    Conclusion .....................................................................................8

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acosta v. Pacific Enterprises*,
  950 F. 2d 611 (9th Cir. 1991) ........................................................................6, 7

*Alfaro v. Client Servs., Inc.*,
  No. CIV.A. 11-05463 CCC, 2012 WL 1150845 (D.N.J. Apr. 5,
  2012) ...........................................................................................................8

*Am. Orthopedic & Sports Med*,
  890 F.3d at 455 ..............................................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................................2

*In re Burlington Coat Factory*,
  114 F.3d 1410 (3d Cir. 1997) .........................................................................8

*CardioNet, Inc. v. Cigna Health Corp.*,
  751 F.3d 165 (3d Cir. 2014) ...........................................................................3

*Drzala v. Horizon Blue Cross Blue Shield*,
  No. CV 15-8392, 2016 WL 2932545 (D.N.J. May 18, 2016)............................2

*Frederico v. Home Depot*,
  507 F. 3d 188 (3d Cir. 2007) ..........................................................................7

*Menkowitz v. Blue Cross Blue Shield of Illinois*,
  Civil Action No. 14-2946, 2014 WL 5392063 (D.N.J. October 23,
  2014) ...........................................................................................................4

*N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*,
  801 F.3d 369 (3d Cir. 2015) ........................................................................1, 2

*Piscopo v. Pub. Serv. Elec. & Gas Co.*,
  No. CIV.A. 13-552 ES, 2013 WL 5467112 (D.N.J. Sept. 27, 2013)
  (Salas, J.).......................................................................................................8

*Professional Orthopedic Associates PA v. Excellus Blue Cross Blue Shield*,
   Civil Action No. 14-6950, 2015 WL 4387981 (D.N.J. July 15, 2015) ...................................................................................4

*Strategic Envtl. Partners, LLC v. Bucco*,
   184 F. Supp. 3d 108 (D.N.J. 2016) ........................................8

*Torpey v. Blue Cross Blue Shield of Tex.*,
   Civil Action No. 12–cv–7618, 2014 WL 346593 (D.N.J. Jan. 30, 2014) ...................................................................................4

*Univ. Spine Ctr. v. United Healthcare*,
   No. 17-8575, 2018 WL 4089061 (D.N.J. Aug. 27, 2018) (Salas, J.) ..................5

*Warren Gen. Hosp. v. Amgen Inc.*,
   643 F.3d 77 (3d Cir. 2011) .....................................................2

**Statutes**

29 U.S.C. § 1132(a)(1)(b) ..........................................................2, 5

ERISA ...........................................................................1, 3, 5

ERISA § 502(a) .......................................................................2

ERISA § 502(a)(1)(B) ................................................................7

ERISA Section 502(a)(3) ........................................................1, 6, 7

**Other Authorities**

29 C.F.R. § 2650.503–1(b)(4).......................................................3, 4

Rule 12(b)(1) .....................................................................1, 2

Rule 12(b)(6)........................................................................2

## I.     INTRODUCTION

Plaintiff's Response to Macquarie Holdings USA Inc. Welfare Benefits Plan's ("the Macquarie Plan") Motion to Dismiss does nothing but underscore why the Court should dismiss the Complaint. This is an ERISA case involving derivative standing. In its brief, Plaintiff abandons any argument that it has derivative standing as a result of an assignment of benefits, and instead argues it has derivative standing as a result of being its patient's "Designated Authorized Representative" ("DAR"). In doing so, Plaintiff misapplies and ignores the well-settled law in this district declining to accept Plaintiff's argument.

Even if Plaintiff has derivative standing to sue -- it does not -- Plaintiff's ERISA Section 502(a)(3) claim against the Macquarie Plan fails as a matter of law for the simple fact that the Plan cannot be its own fiduciary, and therefore cannot be sued under ERISA Section 502(a)(3). As such, the Court should dismiss Plaintiff's Complaint against the Macquarie Plan with prejudice.

## II.    ARGUMENT

### A.     Defendant's Motion to Dismiss is Procedurally Proper.

Plaintiff is correct that a motion to dismiss based on standing is typically brought pursuant to Rule 12(b)(1). *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 n.3 (3d Cir. 2015) (holding that "[o]rdinarily, Rule 12(b)(1) governs motions to dismiss for lack of standing, as standing is a jurisdictional matter.").

However, when a party claims derivative standing[1] to sue under ERISA § 502(a), "it is a statutory limitation, and thus non-jurisdictional and properly brought under Rule 12(b)(6)." *Drzala v. Horizon Blue Cross Blue Shield*, No. CV 15-8392, 2016 WL 2932545, at *2 (D.N.J. May 18, 2016) (analyzing motion to dismiss pursuant to Rule 12(b)(6) and further noting that "[r]egardless, a motion for lack of statutory standing is effectively the same whether it comes under Rule 12(b)(1) or 12(b)(6)") (internal citations omitted); *see also N. Jersey Brain & Spine Ctr.*, 801 F.3d at 371 n.3 (3d Cir. 2015) (holding motion to dismiss for lack of derivate standing properly filed under Rule 12(b)(6)); *Warren Gen. Hosp. v. Amgen Inc.,* 643 F.3d 77, 83 n. 7 (3d Cir. 2011) ("Under most circumstances, '[a] dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim.' ") (internal citations omitted). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### B.   Plaintiff's Complaint Must Be Dismissed for Lack of Standing.

ERISA's enforcement provision confers standing *only* to plan participants or beneficiaries. 29 U.S.C. § 1132(a)(1)(b) ("A civil action may be brought ... by a participant or a beneficiary ... to recover benefits due him under the terms of his

---

[1] Per the Complaint, the DAR states "…to bring suit by the Designated Authorized Representative against such liable party or employee health plan in my name with ***derivative standing***…"); as such, any alleged standing provided by the DAR is derivative by its own definition. *See* ECF No. 1, Complaint at 45.)

plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."). Although a healthcare provider may obtain standing by an assignment from a plan participant, it may only do so where it receives a valid assignment. *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n. 10 (3d Cir. 2014). Plaintiff alleges in its Complaint that it received an assignment of benefits by its patient, S.A.; however, understanding that anti-assignment clauses are valid and enforceable and that the Macquarie Plan includes a clear and unambiguous anti-assignment provision, Plaintiff has abandoned its argument that it has standing due to the assignment.

Instead, in its opposition brief, Plaintiff claims that it has standing to sue as its patient's designated authorized representative, relying on 29 C.F.R. § 2650.503–1(b)(4). Plaintiff's claim is without merit. ERISA regulations require ERISA plans to have reasonable claims procedures "that do not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination." 29 C.F.R. § 2560. 503¬1(b)(4). But, the regulation does not mandate that an authorized representative be permitted to bring suit under ERISA on behalf of plan participants or beneficiaries.

Plaintiff's very argument, that 29 C.F.R. § 2560. 503¬1(b)(4) should extend to civil actions, has been previously brought before this Court on at least three

3

separate occasions, and each time this Court has declined to accept Plaintiff's argument as valid. *Professional Orthopedic Associates PA v. Excellus Blue Cross Blue Shield*, Civil Action No. 14-6950, 2015 WL 4387981, (D.N.J. July 15, 2015) (holding that "Plaintiffs' reliance on 29 C.F.R. 2560.503–1(b)(4) is misplaced, as the provision applies to internal submission of claims and appeals on behalf of beneficiaries, not civil lawsuits in federal court")(internal quotations and citations omitted); *Menkowitz  v. Blue Cross Blue Shield of Illinois*, Civil Action No. 14-2946, 2014 WL 5392063, * 3 (D.N.J. October 23, 2014) (finding that 29 C.F.R. § 2650.503–1(b)(4) applies only to submission of administrative claims and appeals on behalf of beneficiaries, but does not apply to claims asserted in civil actions filed in federal courts); *Torpey v. Blue Cross Blue Shield of Tex.*, Civil Action No. 12–cv–7618, 2014 WL 346593 (D.N.J. Jan. 30, 2014) (explaining that the designation of an "authorized representative" in the context of a similar plan "does not confer standing to bring a civil action").

Telling, Plaintiff fails to cite to a single case that holds that a healthcare provider may obtain standing to sue based on a DAR. Instead, Plaintiff makes a flawed analogy to an assignment of benefits, noting that a DAR should not be limited to internal appeals for the same reasons that assignments are not so limited. (ECF Dkt. No. 28 at p. 17). The problem with Plaintiff's logic is that if the DAR is treated similar to an assignment, then it, too, would be invalid based on the

Macquarie Plan's anti-assignment provision. *Am. Orthopedic & Sports Med*, 890 F.3d at 455 (enforcing anti-assignment clause and precluding health provider from pursuing ERISA claims as assignees of patients); *see also Univ. Spine Ctr. v. United Healthcare*, No. 17-8575, 2018 WL 4089061, at *3-4 (D.N.J. Aug. 27, 2018) (Salas, J.) (finding health provider lacked standing to pursue ERISA action where anti-assignment provision was clear and unambiguous).

Plaintiff goes on to argue that the DAR should extend to civil actions because the claim still belongs to the plan member, and therefore somehow different than an assignment. (ECF Dkt. No. 28 at p. 17.) However, if Congress wanted to give healthcare providers what amounts to subrogation rights for its patients, it would have included those rights in the statute and not limited ERISA's enforcement provision to confer standing *only* to plan participants or beneficiaries. 29 U.S.C. § 1132(a) (1)(b) ("A civil action may be brought ... by a participant or a beneficiary ... to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.").

Plaintiff further attempts to circumvent the well-established precedence that DARs do not give a provider standing to file suit by suggesting that it would be inequitable to not allow healthcare providers to sue on behalf of their patients. (ECF Dkt. No. 28 at pp. 17-18). Yet, Plaintiff conveniently ignores the fact that it

may choose to enter into contracts with different providers to become an in-network provider; Plaintiff would then have legal avenues it could pursue if an insurer or administrator violated the terms of their contract. As an out of network provider, Plaintiff has chosen to accept the risk that an insurance plan may or may not cover the services it renders to its patients. Plaintiff has choices: it may seek to recover monies owed and not covered by insurance from its patient for services provided; or it may choose to become an in-network provider and be paid the contract's allowable benefit amount for in-network providers. But, what it cannot do, is obtain standing to sue in civil court as a DAR or assignee where there is a valid anti-assignment provision in the plan. Dismissal with prejudice for lack of standing is warranted.

### C.    Plaintiff's 502(a)(3) Claim is Not Proper Against the Plan.

The law is clear; the Macquarie Plan cannot be its own fiduciary and an ERISA Section 502(a)(3) claim against it is simply not proper.  In attempting to rebut the Macquarie Plan's argument, Plaintiff incorrectly relies on *Acosta v. Pacific Enterprises,* 950 F. 2d 611, (9th Cir. 1991) to hold that the Macquarie Plan may be sued for breach of fiduciary duty. But *Acosta* holds exactly the opposite and supports the Macquarie Plan's position that it cannot be sued under ERISA Section 502(a)(3). There, the Ninth Circuit held:

A plan covered by ERISA cannot, as an entity, act as a fiduciary with respect to its own assets. **Therefore, a plan itself cannot be sued for breach of fiduciary duty.** This rule, however, does not inexorably lead to the conclusion that a plan cannot be properly named in a suit alleging breach of fiduciary duty. To the extent that a plaintiff seeks "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," the plan may be named as a defendant. 29 U.S.C. §§ 1132(a)(1)(B), 1132(d) (1988). Thus, even though Acosta cannot sue the SoCal Gas Plan for breach of fiduciary duty per se, he may, as he has done here, join the Plan in his action for breach of fiduciary duty in order that he may obtain the relief sought.

*Id*. at 617-618 (emphasis added).

Plaintiff next argues that the Macquarie Plan is a proper defendant pursuant to ERISA § 502(a)(1)(B) (ECF Dkt. No. 28 at p. 23) ("…held that the 'proper defendant in a Section 502(a)(1)B) claim is the plan itself…").; however, Plaintiff did not sue the Plan under ERISA § 502(a)(1)(B)[2]. Plaintiff cannot amend its Complaint to change its theory of the case via its opposition brief to the Macquarie Plan's motion to dismiss. *Frederico v. Home Depot,* 507 F. 3d 188, 202 (3d Cir. 2007) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss")(internal citations and quotations omitted).

Plaintiff next argues that the Macquarie Plan can be sued as "a necessary party." Again, Plaintiff's only cause of action against the Macquarie Plan is one brought under ERISA § 502(a)(3). Moreover, Plaintiff's argument that the

---

[2] A 502(a)(1)(B) claim fails, too, against the Plan for Plaintiff's lack of standing.

Macquarie Plan is a necessary party is inappropriately founded upon new facts not contained in the Complaint, and therefore, it should not be considered by the Court. *See In re Burlington Coat Factory*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings"); *see also Strategic Envtl. Partners, LLC v. Bucco,* 184 F. Supp. 3d 108, 129 (D.N.J. 2016) (refusing to consider new allegations in opposition to motion to dismiss and noting that "Plaintiffs cannot amend their complaint through a brief"); *Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. CIV.A. 13-552 ES, 2013 WL 5467112, at *8 (D.N.J. Sept. 27, 2013) (Salas, J.) (holding "Plaintiff cannot amend his pleadings with factual allegations made in opposition to a motion to dismiss"); *Alfaro v. Client Servs., Inc.,* No. CIV.A. 11-05463 CCC, 2012 WL 1150845, at *3 (D.N.J. Apr. 5, 2012) (refusing to consider alleged new violation and holding "[i]t is well established that party cannot amend his complaint in a brief submitted in opposition to a motion to dismiss.")

In sum, the Macquarie Plan cannot be its own fiduciary and is, therefore, not a proper defendant for a ERISA§ 502(a)(3) claim. Thus, Plaintiff's breach of fiduciary duty claim fails as a matter of law.

## III.   CONCLUSION

For the foregoing reasons and those included in the Macquarie Plan's Motion to Dismiss, the Macquarie Plan respectfully requests that the Court dismiss

Count III of Plaintiff's Complaint, and dismiss Plaintiff's Complaint as to the

Macquarie Plan with prejudice.


Dated:  August 10, 2020

SEYFARTH SHAW LLP


By: */s/ Anshel Joel Kaplan*
     Anshel Joel Kaplan

620 Eighth Avenue
New York, New York 10018-1405
Phone: (212) 218-5500
Fax: (212) 218-5571
akaplan@seyfarth.com

*Attorneys for Defendant*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2020, I electronically filed the foregoing

REPLY IN FURTHER SUPPORT OF DEFENDANT MACQUARIE HOLDINGS

U.S.A., INC., PPO PLAN'S MOTION TO DISMISS, via the Court's CM/ECF

system, which sent notification of such filing to all counsel of record.


Dated: August 10, 2020


By: */s/ Anshel Joel Kaplan*
     Anshel Joel Kaplan